

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

March 1, 2022

**BY ECF**

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Gulnoza Rakhmanova*, 22 Cr. 114 (RA)

Dear Judge Abrams:

    The Government respectfully submits this letter to address the Court's question regarding the *mens rea* requirement of 18 U.S.C.§ 371. As discussed more fully below, the Government respectfully submits that the defendant need not know that she was violating a law to be convicted of conspiring to commit an offense against the United States, in violation of 18 U.S.C.§ 371, on the basis that she conspired to operate an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960. Instead, to be convicted, the defendant must only know that she agreed with others to operate an unlicensed money transmitting business.

    In *United States v. Feola*, the Supreme Court held that "the general conspiracy statute, 18 U.S.C.§ 371, offers no textual support for the proposition that to be guilty of conspiracy a defendant in effect must have known that his conduct violated federal law." 420 U.S. 671, 687 (1975). In *Feola*, the defendant was convicted of conspiring to assault a federal officer, in violation of 18 U.S.C.§ 371, and the substantive assault. *Id.* At 675. The Supreme Court rejected the argument the defendant must have been aware that the intended assault victims were federal agents to be convicted of conspiracy to assault federal agents. *Id.* At 687. The Supreme Court concluded that "to sustain a judgment of conviction on a charge of conspiracy to violate a federal statute, the Government must prove at least the degree of criminal intent necessary for the substantive offense itself." *Id.* at 686. Several courts have cited *Feola* to conclude that conspiracy requires the same *mens rea* as the underlying substantive offense. *See, e.g.*, *United States v. Eisenberg*, 596 F.2d 522, 526 (2d Cir. 1979); *United States v. Sclamo*, 578 F.2d 888, 891 (1st Cir. 1978); *United States v. Trevino*, 7 F.4th 414, 425 (6th Cir. 2021); *United States v. Itzkowitz*, No. 96-CR-786 (JG), 1998 WL 812573, at *2 (E.D.N.Y. May 13, 1998).

      In order to prove a violation of 18 US.C. § 1960, the Government must prove that the defendant knew that the money transmitting business was unlicensed, but the Government need not prove that the defendant knew the money transmitting business was illegal or that there was a licensing requirement. *United States v. Elfgeeh*, 515 F.3d 100, 132 (2d Cir. 2008). Indeed, in 2001, Congress amended § 1960 to remove the requirement that the Government prove that the defendant knew the money transmitting business was illegal or that a license was required. *Id.* Accordingly, to convict the defendant in this case, the Government must prove only that the defendant knew she had agreed with others to operate an unlicensed money transmitting business. The defendant's allocution satisfied this requirement and was consistent with the evidence in this case. Defense counsel concurs with the Government's statement of the law and assessment of the defendant's allocution.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: *Cecilia Vogel*
Cecilia E. Vogel
Assistant United States Attorney
Cecilia.Vogel@usdoj.gov
(212) 637-1084

Cc (by ECF): William Stampur, Esq.